JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHMAN RUSHING, | Case No. 2:20-06450 AB (ADS) |
| Petitioner, | |
| v. | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| CALIFORNIA INSTITUTE FOR MEN, Respondent. | |

## I.    INTRODUCTION

On July 20, 2020, Petitioner Rahman Rushing, a California state prisoner, filed a Petition for Writ of Habeas Corpus.  [Dkt. No. 1].  Petitioner raises one ground for relief regarding the prison's response to an outbreak of Covid-19.  [Id., p. 3].  A review of the pleading and records in this case reveals that Petitioner fails to allege a cognizable claim for federal habeas relief.[1]  For the reasons discussed below, the Court DISMISSES the case without prejudice.

---

[1] Where necessary, the Court takes judicial notice of the public records.  See Fed. R.

1   **II.     <u>DISCUSSION</u>**

2           **A.      <u>Failure to State a Cognizable Claim</u>**

3           The Court has the authority to dismiss habeas actions <u>sua</u> <u>sponte</u>.  Under Rule 4

4   of the Rules Governing § 2254 Cases, if it plainly appears from the petition and any

5   attached exhibits that the petitioner is not entitled to relief, "the court must summarily

6   dismiss the petition without ordering a responsive pleading."  <u>Mayle v. Felix</u>, 545 U.S.

7   644, 656 (2005); <u>see</u> <u>also</u> <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 641, n.1 (9th Cir. 2002)

8   (quoting Rule 4).  Under Title 28 U.S.C. Section 2254, a federal court shall entertain an

9   application for writ of habeas corpus "only on the ground that [the petitioner] is in

10   custody in violation of the Constitution or laws or treaties of the United States."  28

11   U.S.C. § 2254(a).  Habeas corpus proceedings are the proper mechanism for challenging

12   the legality or duration of confinement while a civil rights action is the proper method to

13   challenge conditions of confinement.  <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991).

14           Here, the Court has screened the instant Petition and finds it clear on its face that

15   Petitioner is not entitled to federal habeas relief for the claim he asserts.  Habeas corpus

16   proceedings are the proper mechanism for challenging the legality or duration of

17   confinement while a civil rights action is the proper method to challenge conditions of

18   confinement.  <u>Id.</u>  Petitioner's one ground for relief appears to solely challenge the

19   conditions of his confinement by asserting that the prison where is in incarcerated is not

20

21   Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable
     dispute because it . . . can be accurately and readily determined from sources whose
22   accuracy cannot reasonably be questioned."); <u>United States v. Wilson</u>, 631 F.2d 118, 119
     (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as
23   well as the records of an inferior court in other cases."); <u>Harris v. Cty. of Orange</u>, 682
     F.3d 1126, 1132 (9th Cir. 2012) (holding that a court may take judicial notice of
24   undisputed matters of public record).

1    practicing social distancing despite an outbreak of Covid-19 in the facility.  [Dkt. No. 1,

2    p. 3].  Although Petitioner does not state the specific relief he seeks, this challenge

3    concerns the conditions of his confinement and must be raised in a civil rights action

4    under 42 U.S.C. § 1983.  Because Petitioner does not appear to challenge the legality or

5    duration of his confinement, the Petition fails to state a cognizable claim for federal

6    habeas relief.

7           To the extent Petitioner is challenging the conditions of his confinement, the

8    Court has considered whether to construe Petitioner's allegations as a civil rights

9    complaint.  See Hanson v. May, 502 F.2d 728, 729 (9th Cir. 1974) ("Despite the labeling

10   of his complaint, [the petitioner] was, therefore, entitled to have his action treated as a

11   claim for relief under the Civil Rights Act.").  However, Petitioner has already filed in

12   this Court a civil rights complaint pursuant to 42 U.S.C. § 1983 asserting the same

13   Covid-19 allegations but in more detail and with explicit requests for relief.  See Case

14   No. 2o-06513 AB (ADS).  That complaint alleges the same claim regarding the prison's

15   response to Covid-19 and attaches the same documents to support his claim.  Therefore,

16   it is unnecessary to construe the current federal habeas petition as a civil rights

17   complaint.

18   **III.    CONCLUSION**

19          Petitioner has failed to state a claim cognizable under federal habeas relief and

20   has already filed a civil rights action asserting the same claim.  IT IS THEREFORE

21   ORDERED that this action be summarily dismissed without prejudice pursuant to

22   Rule 4 of the Rules Governing Section 2254 Cases and Central District of California

23   Local Rule 72-3.2.  Judgment shall be entered accordingly.

24

1

## IV.   CERTIFICATE OF APPEALABILITY

In addition, for reasons stated above, the Court finds that Petitioner has not shown that "jurists of reason would find it debatable whether:" (1) "the petition states a valid claim of the denial of a constitutional right;" and (2) "the district court was correct in its procedural ruling."  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Thus, a certificate of appealability is denied.

**IT IS SO ORDERED.**

DATED:   July 28, 2020                    _____
                                         THE HONORABLE ANDRÉ BIROTTE JR.
                                         United States District Judge


Presented by:

        /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge